UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAN YING XIE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　　Defendant. | Case No. 14-cv-02325-JCS<br><br>**ORDER GRANTING IN PART APPLICATION FOR ATTORNEYS' FEES UNDER EQUAL ACCESS TO JUSTICE ACT (28 U.S.C. § 2412)**<br><br>Re: Dkt. No. 25 |

## I.  INTRODUCTION

Plaintiff Lan Ying Xie filed this action seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her Application for disability insurance benefits under Title II the Social Security Act. On September 18, 2015, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, reversed the decision by the Administrative Law Judge ("ALJ"), and remanded for further proceedings. *See* Dkt. No. 22 (Summary Judgment Order). Plaintiff now brings an Applications for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion"), contending an award of attorneys' fees is warranted because the government's position in the underlying litigation was not substantially justified. For the following reasons, Plaintiff's Motion is GRANTED in part.[1]

## II.  LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party … fees and other expenses incurred by that party in any civil action … including proceedings for judicial review of

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

agency action, brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Although a plaintiff seeking fees under the EAJA must allege that the government's position was not 'substantially justified,' it is the government's burden to establish that the position of the United States *was* substantially justified." *Nguyen v. Astrue*, No. 10-4807 JCS, 2012 WL 4482585 (N.D. Cal. Sept. 28, 2012) (citing *Scarborough v. Principi,* 541 U.S. 401, 414 (2004)). Whether the government's position was substantially justified is a question of reasonableness, and courts look to whether the government's position had a reasonable basis in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 564-565 (1988); *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). "The court must examine whether the government was substantially justified in its original act and its decision to defend it in court." *Jaureque v. Colvin*, No. 11-06358 CRB, 2013 WL 5645310 (N.D. Cal. Oct. 16, 2013) (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

## III.     ANALYSIS

### A.     Whether the Government's Position Was Substantially Justified

As set forth at length in the Court's Summary Judgment Order, the ALJ committed numerous errors at the second step of the five-step analysis that governs disability determinations. Some of these errors were egregious. The ALJ compounded the errors by failing to fulfill her duty to develop the record. Because of these errors the ALJ did not proceed beyond the second step of the analysis, thus necessitating further proceedings and significantly delaying the determination of Plaintiff's claim. Under these circumstances, the Court finds that the Commissioner was not substantially justified in affirming the ALJ's result or in its decision to continue to defend that result in this action. Therefore, Plaintiff is entitled to an award of attorneys' fees under the EAJA.[2]

### B.     Amount of Award

Under the EAJA, Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A).

---

[2] The Commissioner does not dispute that Plaintiff is the prevailing party by virtue of the fact that the Court has vacated the decision of the Commissioner and remanded for further proceedings.

Plaintiff seeks the statutory maximum rate awarded by the Ninth Circuit, adjusted for increases in cost of living, of $190.06 in 2014 and $189.68 in 2015. The Commissioner does not dispute the hourly rate but contends the time billed (41.3 hours) is excessive. The Court has reviewed the time sheets provided by Plaintiff and concludes that the time is reasonable. The Court notes that the record in this case was extensive, the ALJ committed numerous errors that needed to be addressed and conversations with Plaintiff were complicated by the need to rely on an interpreter. Therefore, the Court awards the full amount requested by Plaintiff of $7,844.

### C. Whether Award Should be Payable to Counsel or Plaintiff

As stated by the Commissioner in its response, EAJA fees are payable to the "prevailing party." 28 U.S.C. § 2412(d)(1)(A). The U.S. Supreme Court has held that a Section 2412(d) fee award is payable to the litigant. *Astrue v. Ratliff*, 560 U.S. 586 (2010). Under *Ratliff*, a plaintiff is normally awarded the fees, subject to any offset for applicable government debts. Many district courts, however, have ordered payment of EAJA fees (minus any applicable offset) directly to the plaintiff's counsel where the plaintiff has assigned EAJA fees to counsel in a fee agreement and the government has exercised its discretion to waive the requirements in the Anti–Assignment Act, 31 U.S.C. § 3727. *See, e.g., Blackwell v. Astrue*, No. CIV 08–1454 EFB, 2011 WL 1077765, at *5 (E.D.Cal.Mar.21, 2011); *Dorrell v. Astrue*, No. CIV 09–0112 EFB, 2011 WL 976484, at *2–3 (E.D.Cal.Mar.17, 2011); *Calderon v. Astrue*, No. 1:08–cv–01015 GSA, 2010 WL 4295583, at *8 (E.D.Cal.Oct.22, 2010). Here, it is not clear whether Plaintiff owes any government debt; nor has Plaintiff's counsel addressed whether Plaintiff assigned EAJA fees to counsel or provided a copy of the fee agreement. It does appear, however, that Defendant is prepared to waive the requirements of the Anti-Assignment Act.

Accordingly, the Court defers ruling on the proper payee of the EAJA litigation fees awarded herein until Plaintiff's counsel has submitted the fee agreement assigning EAJA fees to counsel and Defendant has filed a declaration confirming that it is willing to waive the requirements of the Anti-Assignment Act and pay the EAJA fees, subject to any applicable offset, directly to Plaintiffs' counsel.

## IV. CONCLUSION

The Motion is GRANTED in part. The Court finds that Plaintiff is entitled to $7,844 in EAJA fees. To assist the Court in determining whether these fees should be paid to Plaintiff or directly to her counsel, the parties shall file the following additional materials within **fourteen (14) days**: 1) Plaintiff's counsel shall file a copy of the fee agreement and/or any other document showing that Plaintiff assigned her right to EAJA fees to counsel; and 2) Defendant shall file a declaration confirming that it waives the requirements of the Anti-Assignment Act and that the EAJA fees may be paid directly to counsel if the Court determines that there was a valid assignment, subject to any offset for debts Plaintiff owes to the federal government. The Court will issue an additional order addressing the proper payee of the EAJA award after it has received these additional materials.

**IT IS SO ORDERED.**

Dated: April 12, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge